NOT DESIGNATED FOR PUBLICATION

No. 123,449

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMANDA ROSE HARMON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed September 24, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Amanda Rose Harmon appeals the district court's revocation of her probation. We granted Harmon's motion for summary disposition instead of briefs under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State responded, arguing the district court properly revoked Harmon's probation. We find the district court did not abuse its discretion in revoking Harmon's probation, so we affirm.

In April 2019, the Sedgwick County District Attorney's Office charged Harmon with possession of methamphetamine in violation of K.S.A. 2018 Supp. 21-5706(a),(c)(1), possession of opiates in violation of K.S.A. 2018 Supp. 21-5706(a),(c)(1),

1

and possession of drug paraphernalia in violation of K.S.A. 2018 Supp. 21-5709(b)(2),(e)(3). In July 2019, Harmon pleaded guilty to possession of methamphetamine and opiates, both severity level 5 drug felonies. In exchange for her plea, the State dismissed the charge for possession of drug paraphernalia. At the sentencing hearing, the district court imposed 12 months' imprisonment for possession of methamphetamine, 10 months' imprisonment for possession of opiates, and 12 months' postrelease supervision. The district court ordered the sentences to run concurrent for a controlling sentence of 12 months' incarceration. The district court then suspended Harmon's sentence and placed her on probation for 18 months, as recommended by both Harmon and the State.

Only eight days after being placed on probation, Harmon committed acts that led the City of Wichita to charge her in 19 C0 55046 with four crimes: (1) possession of methamphetamine, (2) possession of drug paraphernalia, (3) criminal use of a weapon, and (4) theft or possession of stolen property. Based on these new crimes, Harmon's probation officer got a warrant for her arrest.

Five months after being placed on probation, Harmon had been charged in two new cases—19 CR 2791 and 20 CR 624—so her probation officer sought to revoke her probation. As part of a global plea agreement with the State, Harmon pleaded guilty to possession of opiates in case 19 CR 2791 and stipulated to the probation violations in exchange for the State's promise to dismiss case 20 CR 624. The district court sentenced Harmon in 19 CR 2791 to 16 months' imprisonment with 12 months of postrelease supervision to run consecutive to the current case. In the current case, although the probation officer recommended a 60-day sanction, the district court revoked Harmon's probation by relying on the new-crime and offender-welfare exceptions that permit immediate revocation under K.S.A. 2018 Supp. 22-3716(c)(4) and (c)(8)(A). Harmon timely appeals.

2

Harmon argues that the district court abused its discretion by revoking her probation based on exceptions to the probation statute's requirement of intermediate sanctions. Yet Harmon admits the district court had the authority to revoke her probation based on her admission to committing new crimes while on probation. Similarly, she admits that the district court properly applied the offender-welfare exception. But Harmon argues that her severe drug addiction would be better treated outside prison, and that she was capable of setting up a support system. Harmon contends the district court acted unreasonably by declining her request for one more chance at probation.

We review the district court's revocation of an offender's probation for abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party arguing the district court abused its discretion bears the burden of showing such an abuse. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). Because Harmon does not argue that the district court based its decision on an error of law or fact, we determine only whether the district court acted arbitrarily, fancifully, or unreasonably.

At the probation revocation hearing, the district court stated:

"Here's my reasoning on the decisions that we have made here today. When you are on probation in [the current case] there were a significant number of violations in a warrant of August 29 of 2019 . . . including the crime of criminal use of a weapon, additional thefts, things that gave rise to the 19 CR 2791 case.
"There were also opportunities for drug treatment, but you turned your back and were unsuccessfully discharged from inpatient—inpatient treatment. And then we have the most recent warrant that was dated in May bringing the total number of violations in 19 CR 1043 to 14 in three separate warrants. . . .
"There is a failure to report in many instances. . . .

3

"I am sure the drugs have something to do about that. I'm so sorry about that. You were revoked in the 2010 case. There were multiple probation violations in 14 CR 2508. . . . You failed drug treatment and it's just not there in my opinion to justify any kind of probation."

The district court then found: "Revocation is appropriate in 19 CR 1043 because of the commission of additional crimes and mainly additional crimes actually. I found your welfare is not best served by continuing the probation in 19 CR 1043." The district court also discussed that the statutes provide treatment options for defendants with addiction issues but that because Harmon failed to take advantage of that option, reinstating her probation after another intermediate sanction would be futile. The district court also noted: "I have a responsibility to a defendant and I also have a responsibility to society. We try to help people overcome some of their problems, but at some point we have to say the societal interests need to be taken into account. I believe that's the case here."

And finally, on the journal entry for probation revocation, the district court checked the revocation box for "offender welfare finding" and clarified in the comment section: "Defendant's numerous probation violations demonstrate defendant is not interested in taking advantage of treatment."

The district court considered Harmon's past probation experiences and found that at least two were not altogether successful. The district court also considered Harmon's drug addiction and her inability or unwillingness to complete treatment. Based on the record, we cannot say that no reasonable person would agree with the district court's decision to revoke her probation. See *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018). Thus, the district court did not abuse its discretion. See *State v. Mosher*, 299 Kan. 1, 4, 319 P.3d 1253 (2014).

Affirmed.